IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                              No. 10 CR 2604 MV

JAIME NERIS,

        Defendant.

**ORDER**

THIS MATTER came before the Court on Defendant's Request for Daubert Hearing (Doc. 87), filed February 15, 2012.  The Court notes this motion is untimely filed as Defendant's objections to this witness were due no later than February 10, 2012, pursuant to the Order and Notice of Trial.  (*See* Doc. 60.)  Nevertheless, the Court has reviewed the motion, the government's response (Doc. 88), the report prepared by Joseph Kotrosits (Doc. 89), Mr. Kotrosits' curriculum vitae and the relevant legal authority.  Being otherwise fully advised of the premises therein, the Court finds a hearing on the motion is not necessary.  For the following reasons, the Court finds Joseph Kotrosits' proposed testimony as an expert in the trucking industry is relevant and reliable; and therefore shall be allowed at trial.

Defendant opposes the admission of testimony by Mr. Kotrosits as an expert because: 1) the "Notice of Intent [Doc. 68] misrepresents the conclusions stated in the expert report;" 2) the conclusions in the expert report "do not assist the trier as required by Rule 702;"  and 3) "the conclusions in the expert report are not relevant, and therefore inadmissible, because they are not probative of whether or not the Defendant possessed the contraband found in the tractor-trailer." (Doc. 87 at 1-2.)  The government responds that Defendant does not challenge the expert's qualifications, his ability to form an opinion, or the expert's opinions themselves, and therefore

does not raise a true Daubert challenge. (Doc. 88 at 1.) Furthermore, the government argues the testimony is relevant, not cumulative and requires specialized knowledge. (Doc. 88 at 2-5.) The Court will address each of these issues.

A.     **Daubert Analysis**

    1.     **Reliability**

Federal Rule of Evidence 702 imposes a special gatekeeping obligation on this Court to ensure that expert testimony is not admitted at trial unless it is both relevant and reliable. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999); *Daubert v. Merrell-Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). "[W]here [expert] testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *United States v. Velarde*, 214 F.3d 1204, 1208-09 (10th Cir. 2000) (quoting *Kumho*, 526 U.S. at 149 (quoting *Daubert*, 509 U.S. at 592)). This Court has "broad discretion in both deciding how to assess an expert's reliability, including what procedures to utilize in making that assessment, as well as in making the ultimate determination of reliability." *Velarde*, 214 F.3d at 1209 (citations omitted). "Rule 702 thus dictates a common-sense inquiry of whether a juror would be able to understand the evidence without specialized knowledge concerning the subject." *United States v. Muldrow*, 19 F.3d 1332, 1338 (10th Cir. 1994).

Here, Defendant does not challenge the reliability of Mr. Kotrosits' analysis or opinions. He also does not challenge Mr. Kotrosits' qualifications as an expert in the trucking industry. On the contrary, he acknowledges that Mr. Kotrosits has some expertise in the trucking industry and would be able to testify "[b]ased upon his education, training and experience" that "Defendant's decision to drive across the country with no freight, to not have freight waiting for

him as soon as he arrived, and that being aloof about the cargo that was eventually picked up are not the ideal way to for [sic] truck drivers and companies to maximize their profits." (Doc. 87 at 6.) Consequently, Defendant has not "called sufficiently into question" the reliability of Mr. Kotrosits' proposed testimony. *See Kumho*, 526 U.S. at 149. Nevertheless, a review of Mr. Kotrosits' curriculum vitae and report support a finding that he is qualified to testify as an expert in the trucking industry based upon his specialized knowledge and experience. *See Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000) ("To decide whether an expert is qualified, courts must assess whether the expert has specialized knowledge in his testimony, which may be based in practical experience as well as academic training and credentials."). Mr. Kotrosits possesses experience and knowledge about the trucking industry that is greater than the average layperson. *See Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998) ("at a minimum, a proffered expert witness . . . must possess skill or knowledge greater than the average layman"). Furthermore, Mr. Kotrosits' analysis applies his specialized knowledge to the relevant facts in this case. His assessment is logical, following a straight-forward pattern of inductive reasoning; and therefore, conforms to the standards articulated in Daubert and its progeny. (*See* Doc. 89-1.) Consequently, the Court finds Mr. Kotrosits' report and anticipated testimony to be sufficiently reliable to satisfy Fed. Rule Evid. 702.

      Although Defendant does not challenge the reliability of Mr. Kotrosits' testimony, he does challenge its relevance. He argues it is not relevant because "it is not probative of whether or not the Defendant possessed the contraband found in the tractor-trailer." (Doc. 87 at 2, 5.) He claims "[t]he matter disputed in this trial is whether or not the Defendant possessed narcotics with the intent of distributing them. This expert does not and cannot state with reasonable professional certainty whether or not the Defendant acquired cocaine with the intent of selling

3

it."  (Doc. 87 at 5-6.)

      **2.**     **Relevance and Assistance to the Trier of Fact**

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  The relevance of such testimony must be weighed against "the danger of unfair prejudice, confusion of the issues, or misleading the jury" as well as "considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Here, Defendant's actual possession of drugs is not the only fact of consequence.  His knowledge about the drugs and his intent are also facts of consequence.  Thus, evidence tending to prove such knowledge or intent is relevant.  Mr. Kotrosits' testimony with regard to standard and customary practices in the trucking industry, and Defendant's failure to conform to such standards and maximize his profits, is probative of Defendant's state of mind.  Such evidence tends to show the profit from Defendant's trip to California may have been realized by other means, such as drug trafficking.  Furthermore, such evidence is not unfairly prejudicial or misleading.  Defendant will have an opportunity to cross-examine the witness and make appropriate objections.  Finally, although a layperson may assume Defendant's trip was not profitable, such an assumption is not evidence.  Mr. Kotrosits' testimony is not cumulative because no other witness will testify about the specific costs associated with Defendant's trip.  No other witness can state with specificity that the trip would not have been profitable other than in the form of inadmissible speculation.  Consequently, the Court finds that Mr. Kotrosits' testimony is relevant and outweighs the dangers identified in Fed. Rule Evid. 403.  Additionally, the Court finds Mr. Kotrosits' testimony will assist the jury to understand the evidence with

respect to the trucking industry and to determine facts in issue in accordance with Fed. R. Evid. 702.

**B.     Parameters of Testimony**

Defendant claims "the conclusion stated by the United States in the Notice of Intent [Doc. 68] misrepresents the conclusions in the expert report." (Doc. 87 at 1.) In the government's Notice of Intent, it states:

> At bottom, Defendant's trip to the West Coast and planned journey to the East Coast made no sense unless he was to profit from the cocaine in his tractor-trailer and Mr. Kotrosits will testify in that regard and within the full scope of evidence presented at trial.

(Doc. 68 at 2.) Defendant argues Mr. Kotrosits cannot testify as to the profit from the cocaine in Defendant's tractor-trailer. Defendant is correct. While the Court does not believe the above-referenced statement was intended to mean Mr. Kotrosits would testify about the cocaine, its worth or drug trafficking in general, for purposes of clarification, this Court does find that Mr. Kotrosits' expertise is limited to the trucking industry. His curriculum vitae and report do not demonstrate specialized knowledge by him in the area of drug trafficking or assessing the value of cocaine. Consequently, Mr. Kotrosits shall not be permitted to testify about drugs, the value of drugs or drug trafficking. His testimony shall be limited to his knowledge about the standard and customary practices of the trucking industry as well as his assessment of Defendant's trucking practices in this case.

Additionally, upon reviewing Mr. Kotrosits' report, he repeatedly refers to "legitimate" business practices and concludes Defendant's actions "are not actions that are congruent with how a legitimate or reasonable truck transportation company operates." (Doc. 89-1 at 13.) The Court finds that Mr. Kotrosits' use of the word "legitimate" in his analysis treads too closely to

offering an expert opinion that Defendant is operating an illegitimate, a.k.a. *illegal*, trucking business.  Such a determination falls within the province of the jury.  *See United States v. Adams*, 271 F.3d 1236, 1245-46 (10th Cir. 2001) (expert witnesses may not usurp the jury's fact-finding role).  While Mr. Kotrosits may testify that Defendant's actions did not conform to standard practices in the trucking industry and may not have been profitable, testimony that Defendant's practices were not "legitimate" will not be permitted pursuant to Fed. R. Evid. 704(b).  The jury may find Defendant's argument persuasive– namely, that these facts merely show he was a bad businessman.

Finally, although the Court does not see any indication in Mr. Kotrosits' report that he will impermissibly vouch for Officer Lucero's credibility, as argued by Defendant; if during trial such testimony is elicited, Defendant is free to object at that time.   Credibility determinations are also left entirely to the jury to decide.  *See Adams*, 271 F.3d at 1245-46.

IT IS THEREFORE ORDERED that Defendant's Request for Daubert Hearing (Doc. 87) and to strike the testimony of Joseph Kotrosits is hereby DENIED.  Mr. Kotrosits shall be permitted to testify at trial as an expert in the trucking industry within the parameters set forth herein.

DATED: February 17, 2012.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE